## JEWELL *v.* WOODMAN.

Where a farm is leased under an agreement that the rent is to be paid by a share of the crops, and that the hay is to be spent on the farm, a mortgage by the tenant of his share of the hay creates no lien such as entitles the mortgagee to remove it.

TROVER, for a lot of hay.    Facts found by a referee.    One Thompson carried on the farm of one Jenness at the halves.    The lease was by parol, and it was agreed that the hay should be consumed on the farm.    After it was divided, Thompson mortgaged his share to the plaintiff, who subsequently advertised and sold it under his mortgage, and was himself the purchaser.    The defendant, as agent of Jenness, requested the plaintiff to put stock on the place to consume Thompson's share of the hay, but the plaintiff declined.    The defendant thereupon put stock on the farm, which consumed a part of the hay, and he paid Thompson $25 as his share of the profit from the hay consumed, and purchased the balance, crediting Thompson with the value of it, and this also was consumed on the place.    The question was reserved for whom judgment should be rendered.

*T. J. Smith,* for the plaintiff.

*Copeland & Edgerly,* for the defendant.

STANLEY, J.    The plaintiff had no general or special property in the hay, and cannot maintain this action.    *Esty* v. *Graham,* 46 N. H. 169.    The lease of the farm on which the hay was raised was upon shares, coupled with the condition that the hay should be consumed on the farm.    Thompson's interest in the hay was the limited right of consuming it upon the farm, and he could not convey to the plaintiff a right to remove it and consume it elsewhere. If the plaintiff acquired any right by the mortgage, it was a right to consume the hay on the farm, and this right he abandoned when he refused to exercise it.    *Hatch* v. *Hart,* 40 N. H. 93; *Moulton* v. *Robinson,* 27 N. H. 550; *Ladd* v. *Robinson,* 27 N. H. 561.

*Judgment for the defendant.*

FOSTER, J., did not sit: the others concurred.